**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
(WACO DIVISION)**

| | | |
|---|---|---|
| **EIGHTH STREET SOLUTIONS LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **C.A. No. 6:20-CV-00394** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **TREND MICRO INC., and** | § | |
| **TREND MICRO INC. (U.S.A.),** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Eight Street Solutions LLC ("ESS" or "Plaintiff") files this Original Complaint against Defendants Trend Micro Inc. ("TM") and Trend Micro Inc. (U.S.A.) ("TM USA")[1] (collectively, "Trend Micro" or "Defendants") for infringement of U.S. Patent Nos. 7,664,924 ("'924 patent") (**Exhibit A**); 9,600,661 ("'661 patent") (**Exhibit B**); and 10,503,418 ("'418 patent") (**Exhibit C**), (collectively, "the patents-in-suit").

### THE PARTIES

1.      Plaintiff is a Texas limited liability company with its principal place of business located at 312 W 8th Street, Dallas, TX 75208.

2.      Upon information and belief, Trend Micro Inc. is a Japanese Corporation having its principal place of business at Shinjuku MYNDS Tower, 2-1-1, Yoyogi, Shibuya-ku, Tokyo

---

[1] Upon information and belief, the corporate name of Trend Micro Inc. (U.S.A.) does not include "(U.S.A.)", but Plaintiff uses that notation in this complaint to distinguish the two corporate entities that would otherwise have the same name. Trend Micro uses the same notation in its 2019 Business Report.

Japan 151-0053. The primary business of Trend Micro Inc. and its subsidiaries is the development and sale of security-related software for computers and the Internet.

3.     Upon information and belief, Trend Micro Inc. (U.S.A.) is a California Corporation having its principal place of business at 225 East John Carpenter Freeway, Suite 1500 Irving, Texas 75062.  Trend Micro Inc. (U.S.A.) also maintains an office at 11305 Alterra Parkway, Austin, TX 78758.

## JURISDICTION AND VENUE

4.     This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c). TM is a foreign entity and may be sued in any judicial district under 28 U.S.C. § 1391(c)(3). Venue is proper for TM U.S.A under 28 U.S.C. § 1400(b). On information and belief, TM U.S.A. has committed acts of infringement in the District and/or has contributed to or induced acts of patent infringement by others in this District and has a regular and established place of business within the District at 11305 Alterra Parkway, Austin, TX 78758.

7.     On information and belief, Trend Micro is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

8.      This Court has personal jurisdiction over Trend Micro, directly or through intermediaries, including its wholly-owned subsidiaries, because it has committed acts within Texas giving rise to this action and/or has established minimum contacts with Texas such that personal jurisdiction over Trend Micro would not offend traditional notions of fair play and substantial justice.

9.      Trend Micro has placed and continues to place infringing security-related software into the stream of commerce via an established distribution channel with the knowledge and/or intent that those products were sold and continue to be sold in the United States and Texas, including in this District. For example, Trend Micro reported sales of 37,351 million yen in North America for the period from January 1, 2019, to December 31, 2019. Trend Micro Business Report (2019).

10.     On information and belief, Trend Micro has significant ties to, and presence in, the State of Texas and the Western District of Texas, making venue in this judicial district both proper and convenient for this action.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 7,664,924)

11.     Plaintiff incorporates paragraphs 1 through 10 herein by reference.

12.     ESS is the assignee of the '924 patent, entitled "System and method to secure a computer system by selective control of write access to a data storage medium," with ownership of all substantial rights in the '924 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

13.     The '924 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. The '924 patent issued from U.S. Patent Application No. 11/858,752.

14.     The '924 patent is directed to patent eligible subject matter under 35 U.S.C. § 101. The specification of the '924 patent discloses shortcomings in the prior art and then explains, in detail, the technical way the inventions claimed in the '924 patent resolve or overcome those shortcomings. *See, e.g.*, '924 patent at 1:17-42; *generally* Detailed Description of the Preferred Embodiments.

15.     Trend Micro has and continues to directly and/or indirectly infringe (by inducing infringement) one or more claims of the '924 patent in this judicial District and elsewhere in Texas and the United States.

16.     Upon information and belief, the primary business of Trend Micro is the development and sale of security-related software for computers and the Internet. *See* Trend Micro Business Report (2019) at 4.

17.     Trend Micro directly infringes the '924 patent via 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing that security-related software that incorporates the fundamental technologies covered by one or more claims of the '924 patent, or by having its controlled subsidiaries do the same. Examples of how Trend Micro's software infringes claim 1 of the '924 patent are shown in **Exhibit D**.

18.     At a minimum, Trend Micro has known of the '924 patent and of its infringement of the same at least as early as the filing date of the complaint.

19.     Upon information and belief, since at least the above-mentioned date when Trend Micro was on notice of its infringement, Trend Micro has actively induced, under U.S.C. § 271(b),

consumers that purchase its security-related software that includes or performs all of the limitations of one or more claims of the '924 patent to directly infringe one or more claims of the '924 patent by using the software. Since at least the notice provided on the above-mentioned date, Trend Micro does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '924 patent. Upon information and belief, Trend Micro intends to cause, and has taken affirmative steps to induce, infringement by the consumers by, *inter alia*, creating advertisements that promote the infringing use of the software, creating established distribution channels for the software into and within the United States, selling the software in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for software to purchasers and prospective buyers, and/or providing technical support, software fixes, or services for these products to these purchasers in the United States. *See. e.g.*, Trend Micro's "Technical Support" webpage: https://success.trendmicro.com/technical-support.

20.    ESS has been damaged as a result of Trend Micro's infringing conduct described in this count. Trend Micro is, thus, liable to ESS in an amount that adequately compensates ESS for Trend Micro's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 9,600,661)

21.    Plaintiff incorporates paragraphs 1 through 20 herein by reference.

22.    ESS is the assignee of the '661 patent, entitled "System and method to secure a computer system by selective control of write access to a data storage medium," with ownership of all substantial rights in the '661 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

23.     The '661 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. The '661 patent issued from U.S. Patent Application No. 11/292,910.

24.     The '661 patent is directed to patent eligible subject matter under 35 U.S.C. § 101. The specification of the '661 patent discloses shortcomings in the prior art and then explains, in detail, the technical way the inventions claimed in the '661 patent resolve or overcome those shortcomings. *See, e.g.*, '661 patent at 1:9-32; *generally* Detailed Description of the Preferred Embodiments.

25.     Trend Micro has and continues to directly and/or indirectly infringe (by inducing infringement) one or more  claims of the '661 patent in this judicial District and elsewhere in Texas and the United States.

26.     Upon information and belief, the primary business of Trend Micro is the development and sale of security-related software for computers and the Internet.  *See* Trend Micro Business Report (2019) at 4.

27.     Trend Micro directly infringes the '661 patent via 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing that security-related software that incorporates the fundamental technologies covered by one or more claims of the '661 patent, or by having its controlled subsidiaries do the same. Examples of how Trend Micro's software infringes claim 16 of the '661 patent are shown in **Exhibit E**.

28.     At a minimum, Trend Micro has known of the '661 patent and of its infringement of the same at least as early as the filing date of the complaint.

29.     Upon information and belief, since at least the above-mentioned date when Trend Micro was on notice of its infringement, Trend Micro has actively induced, under U.S.C. § 271(b),

consumers that purchase its security-related software that includes or performs all of the limitations of one or more claims of the '661 patent to directly infringe one or more claims of the '661 patent by using the software. Since at least the notice provided on the above-mentioned date, Trend Micro does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '661 patent. Upon information and belief, Trend Micro intends to cause, and has taken affirmative steps to induce, infringement by the consumers by, *inter alia*, creating advertisements that promote the infringing use of the software, creating established distribution channels for the software into and within the United States, selling the software in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for software to purchasers and prospective buyers, and/or providing technical support, software fixes, or services for these products to these purchasers in the United States. *See. e.g.*, Trend Micro's "Technical Support" webpage: https://success.trendmicro.com/technical-support.

30.     ESS has been damaged as a result of Trend Micro's infringing conduct described in this Count. Trend Micro is, thus, liable to ESS in an amount that adequately compensates ESS for Trend Micro's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

### (INFRINGEMENT OF U.S. PATENT NO. 10,503,418)

31.     Plaintiff incorporates paragraphs 1 through 30 herein by reference.

32.     ESS is the assignee of the '418 patent, entitled "System and method to secure a computer system by selective control of write access to a data storage medium," with ownership of all substantial rights in the '418 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

33.     The '418 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. The '418 patent issued from U.S. Patent Application No. 15/421,984.

34.     The '418 patent is directed to patent eligible subject matter under 35 U.S.C. § 101. The specification of the '418 patent discloses shortcomings in the prior art and then explains, in detail, the technical way the inventions claimed in the '418 patent resolve or overcome those shortcomings. *See, e.g.*, '418 patent at 1:29-49; *generally* Detailed Description.

35.     Trend Micro has and continues to directly and/or indirectly infringe (by inducing infringement) one or more  claims of the '418 patent in this judicial District and elsewhere in Texas and the United States.

36.     Upon information and belief, the primary business of Trend Micro is the development and sale of security-related software for computers and the Internet.  *See* Trend Micro Business Report (2019) at 4.

37.     Trend Micro directly infringes the '418 patent via 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing that security-related software that incorporates the fundamental technologies covered by one or more claims of the '418 patent, or by having its controlled subsidiaries do the same. Examples of how Trend Micro's software infringes claim 29 of the '418 patent are shown in **Exhibit F**.

38.     At a minimum, Trend Micro has known of the '418 patent and of its infringement of the same at least as early as the filing date of the complaint.

39.     Upon information and belief, since at least the above-mentioned date when Trend Micro was on notice of its infringement, Trend Micro has actively induced, under U.S.C. § 271(b), consumers that purchase its security-related software that includes or performs all of the limitations

of one or more claims of the '418 patent to directly infringe one or more claims of the '418 patent by using the software. Since at least the notice provided on the above-mentioned date, Trend Micro does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '418 patent. Upon information and belief, Trend Micro intends to cause, and has taken affirmative steps to induce, infringement by the consumers by, *inter alia*, creating advertisements that promote the infringing use of the software, creating established distribution channels for the software into and within the United States, selling the software in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for software to purchasers and prospective buyers, and/or providing technical support, software fixes, or services for these products to these purchasers in the United States. *See. e.g.*, Trend Micro's "Technical Support" webpage: https://success.trendmicro.com/technical-support.

40.     ESS has been damaged as a result of Trend Micro's infringing conduct described in this Count. Trend Micro is, thus, liable to ESS in an amount that adequately compensates ESS for Trend Micro's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## CONCLUSION

41.     Plaintiff is entitled to recover from Trend Micro the damages sustained by Plaintiff as a result of Trend Micro's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

42.     Plaintiff has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute may give rise to an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiff is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## JURY DEMAND

43.     Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

44.     Plaintiff respectfully requests that the Court find in its favor and against Trend Micro, and that the Court grant Plaintiff the following relief:

a.   A judgment that Trend Micro has infringed the Asserted Patents as alleged herein, directly and/or indirectly by way of inducing infringement of such patents;

b.   A judgment for an accounting of all damages sustained by Plaintiff as a result of the acts of infringement by Trend Micro;

c.   A judgment and order requiring Trend Micro to pay Plaintiff damages under 35 U.S.C. § 284, including up to treble damages as provided by 35 U.S.C. § 284, and any royalties determined to be appropriate;

d.   A judgment and order requiring Trend Micro to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

e.   A judgment and order finding this to be an exceptional case and requiring Trend Micro to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285; and

f.   Such other and further relief as the Court deems just and equitable.

Dated: May 14, 2020                    Respectfully submitted,

/s/ *Patrick J. Conroy*
Patrick J. Conroy
Texas Bar No. 24012448
T. William Kennedy Jr.
Texas Bar No. 24055771
Jonathan H. Rastegar
Texas Bar No. 24064043

**BRAGALONE CONROY PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
pconroy@bcpc-law.com
jrastegar@bcpc-law.com
bkennedy@bcpc-law.com

Attorneys for Plaintiff
**EIGHTH STREET SOLUTIONS LLC**